# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LSREF2 APEX 2, LLC,

    Plaintiff,

v.

MICHAEL CICHON, *et al.*,

    Defendants.

Case No. 2:12-cv-01147-LDG (CWH)

**ORDER**

As alleged in plaintiff's Amended Complaint, Michael and Marilee Kim Fox-Cichon (Cichons) borrowed $284,000 from LaSalle National Bank to purchase real property, executing a Note agreeing to repay the money. The Note included a provision that in the event of a foreclosure, no judgment for deficiency would be sought against the defendants. The defendants also executed a Deed of Trust to secure LaSalle's interest in the property, and a Guaranty in which they guaranteed their agreement to repay the money. The Cichons defaulted on their loan. The plaintiff, LSREF2 APEX 2, LLC, to whom the Note, Deed of Trust, and Guarantee have been assigned, foreclosed on the property and purchased it for a credit bid of $96,500.[1]  The plaintiff sues the Cichons for breach of the

---

[1] Though the plaintiff is not the original lender, the Court has treated it as such throughout this decision, as the plaintiff alleges it is the assignee of all documents executed

1  Guaranty, as well as seeking a deficiency judgment against them.  The Cichons move for
2  dismissal of the Amended Complaint (#15) arguing, *inter alia*, that the Guarantee is a
3  sham, as they are the borrowers, while a guarantor is a party who promises to answer for
4  the debt of another.  The plaintiffs oppose (#18).  The Court will grant the motion and
5  dismiss this action with prejudice.[2]

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the

---

by the Cichons in favor of the original lender, thereby permitting the Cichons to assert defenses available to them that they could have asserted against the original lender.

  [2]  The Cichons also filed a motion to dismiss (#13) the plaintiff's original complaint. The plaintiff then filed its Amended Complaint, thus rendering moot the motion to dismiss the original complaint. Accordingly, the Court will deny as moot the motion to dismiss the original complaint.

2

light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

Analysis

"In a broad sense a guarantor or surety is one who promises to answer for the debt or default of another." *United States v. Frisk*, 675 F.2d 1079. Neither party directs this Court's attention to Nevada law defining a "sham guaranty." The Cichons, however, cite *Paradise Land and Cattle Co. v. McWilliams Enterprises, Inc.*, 959 F.2d 1463, 1465 (9th Cir. 1992), which applied California law, for the proposition that a sham guaranty can be found where the guarantor is actually the true purchaser-debtor of property.

The plaintiff argues *Paradise Land* does not support the Cichons' motion for several reasons: (1) the underlying California statute at issue in *Paradise Land*, California Code of Civil Procedure §580b, does not govern this real property transaction; (2) the finding of a

3

"sham guaranty" exists when an action against a borrower is otherwise barred and a proceeding by the creditor against the guarantor would circumvent the California statute; and (3) whether a guaranty is a sham is an issue of fact unsuitable for adjudication on a motion to dismiss. Each of these arguments fail.

First, California's §580b undoubtedly does not govern this transaction, nor have the Cichons asserted such an argument. The issue before the Court is not whether §580b precludes the plaintiffs from proceeding against the Cichons, but whether the guaranty is a sham. The identification of the attributes of a sham guarantee, as revealed in the context of lawsuits involving §580b, is merely instructive as whether the Guaranty in the present case is a sham.

Second, the instruction of *Paradise Land*, and the California decisions on which it relies, is that a "sham guaranty" can be found to exist where an action against a borrower is otherwise barred and permitting a creditor to proceed against the guarantor would circumvent that bar. While *Paradise Land* and the California decisions it cites involved §580b, the reasoning of those decisions reveals that an appropriate definition of a "sham guaranty" does not require the attempted circumvention of §580b. Rather, the critical factors in those cases were whether the guarantor was the borrower, and whether an action against the borrower was barred. "It is thus settled beyond question that one who contracts to buy land does not alter his identity and relation as purchaser by a purported guaranty of performance of his own obligation to pay the purchase price." *Valinda Builders, Inc. v. Bissner*, 230 Cal.App.2d 106, 111, 40 Cal.Rptr. 735 (Cal.App. 1964); *see also, Riddle v. Lushing*, 203 Cal.App.2d 831, 834, 21 Cal.Rptr. 902 (Cal.App. 1962) (defendants that were already primary obligors on a note could not also be guarantors as to that note). As noted by the Cichons in their moving papers, the Note executed by the Cichons specifically provides:

> In the event of a foreclosure of such liens, security titles, estates, assignments, rights or security interests securing the payments of this Note and/or other obligations of the undersigned under the Mortgage/Deed of Trust, no judgment for any deficiency upon the indebtedness evidenced hereby shall be sought or obtained against the undersigned.

Exhibit 1 to Amended Complaint.

As further noted by the Cichons, in Nevada "there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." NRS 40.430. Nevada has declared that, except as provided by NRS 40.495, it is "against public policy for any document relating to the sale of real property to contain any provision whereby a mortgagor or the grantor of a deed of trust or a guarantor or surety of the indebtedness secured thereby, waives any right secured to the person by the laws of this state." NRS 40.453. Section 40.495 permits a guarantor to waive §40.430. In short, Nevada prohibits borrowers, but not guarantors, from waiving §40.430.

The plaintiff argues that a "one action" defense is not available to the defendants because it first exhausted the security, and because "the obligation of a guarantor and the obligation of the debtor are two distinct obligations and thus an action against one should not bar action against the other." Both arguments fail because they assume the guarantee is not a sham. The Cichons are the borrowers and the guarantors. The Guaranty purports to obtain from the Cichons (as guarantors) a waiver of rights that the Cichons (as borrowers) could not waive. The Guaranty also purports to allow the plaintiff to pursue a remedy against the Cichons (as guarantors) that the plaintiff agreed it could not pursue against the Cichons (as borrowers). These facts, that the guarantors and the borrowers are the same individuals and that the Guaranty attempts to recast the borrower as a guarantor to circumvent protections favoring the borrower, establishes the Guaranty as a sham.

Third, adjudication is appropriate on this motion to dismiss.  In its Amended Complaint, the plaintiff expressly and specifically alleged that (a) the Cichons are the borrowers that executed the Note, (b) the Cichons executed the Deed of Trust, and (c) the Cichons are the guarantors that executed the Guaranty.  Further, the plaintiff attached to the Note, the Deed of Trust, and the Guaranty to its Amended Complaint as exhibits.  These documents establish the above-noted allegations of the plaintiff.  The plaintiff has not identified any material issue of fact that brings into dispute its own allegations and exhibits.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss the Amended Complaint (#15) is GRANTED with prejudice;

THE COURT FURTHER **ORDERS** that Defendants' Motion to Dismiss the Complaint (#13) is DENIED as moot.

DATED this ____ day of September, 2013.

_____
Lloyd D. George
United States District Judge